## (C.R.D. 73–12)

SYMPHONIC ELECTRONICS CORP. *v.* UNITED STATES

Court Nos. 70/21720, etc.

(Dated May 1, 1973)

*Barnes, Richardson & Colburn* (*Irving Levine* of counsel) for the plaintiff.
*Harlington Wood, Jr.,* Assistant Attorney General (*John N. Politis,* trial attorney), for the defendant.

NEWMAN, Judge: Plaintiff has filed a motion pursuant to rule 14.7 for suspension of eight cases under *Symphonic Electronics Corp. v. United States, Court* Nos. 70/56204, etc., a case partially tried.

In the pending test case, merchandise described on the invoices as an R835 AM/FM Tuner was classified by the Government as an unfinished solid state (tubless) radio receiver under item 685.23 of the Tariff Schedules of the United States (TSUS). The merchandise is claimed by plaintiff to be dutiable: as radio reception apparatus, or a part thereof, under item 685.25, TSUS; or alternatively as an unfinished combination radio, phonograph, tape player (or recorder) under item 685.30 or 685.50, TSUS; or alternatively as a machine, nspf, under item 678.50, TSUS.

Plaintiff's supporting memorandum states that the cases which it seeks to suspend involve the same issue of fact or question of law as that involved in the pending test case.

Defendant's opposing memorandum contends that the cases plaintiff seeks to suspend involve tuners with different part numbers; and that "[p]laintiff has made no showing that the above mentioned tuners are constructed and operate in substantially the same manner as that involved in the test case".

Under the circumstances here, the court granted plaintiff's request to file a reply memorandum, and granted the defendant an opportunity to file a surreply.*

In its reply memorandum, plaintiff alleges that the tuners in the eight cases operate in substantially the same manner as those tuners in the pending case, although the tuners involved in the eight cases have "a different construction configuration". Counsel for defendant advised the court that he did not desire to submit a surreply.

---

*It should be noted that under rule 4.12(c), a reply to the objections or response to a nondispositive motion may not be filed as a matter of right.

The only issue raised by the memoranda filed by the parties is whether the eight cases are suspensible under the provisions of rule 14.7(a), which read in part:

> **(a) Suspension of Actions:** An action may be suspended pending the final determination of another action (hereinafter referred to as a test case) if it involves an issue of fact or a question of law which is the same as the issue of fact or question of law involved in such test case. \* \* \*

I have concluded that defendant has not shown any valid reason for denying plaintiff's motion. Significantly, rule 14.7(a) does not require that the merchandise in the cases sought to be suspended shall be substantially the same as the merchandise in the test case.

The important point here is that defendant has not disputed that there is a common issue of fact or question of law in all of the cases, as stated in plaintiff's moving papers. In essence, a common issue of fact or question of law is the vital criterion for suspensibility under rule 14.7(a). Accordingly, plaintiff's motion is granted, and an order is entered contemporaneously herewith to that effect.